UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS JOHNSON, on behalf of
himself and on behalf of all
others similarly situated,

    Plaintiffs,

v.                                                  CASE NO:

LEVEL 3 COMMUNICATIONS,
LLC,

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Named Plaintiff, Thomas Johnson ("Johnson"), on behalf of himself and all others similarly situated ("Putative Class") (collectively "Plaintiffs"), files this Class Action Complaint against Defendant Level 3 Communications, LLC, ("Defendant" or "Level 3"), and states as follows:

1. Defendant Level 3 is a multinational telecommunications corporation and internet services provided.

2. Defendant's policy and practice is to deny earned wages and overtime pay to its Field Technicians -- hourly employees – for handling calls and being on-call in order to travel to trouble sites throughout the nation.

3. Defendant's deliberate failure to pay Plaintiffs their earned wages and overtime compensation violated the Fair Labor Standards Act ("FLSA").

4.   In fact, Defendant's uniform corporate policies for terms for employment of Field Technicians include an hourly rate plus the following:

  a. A requirement to be on-call once a month for a full week plus the weekend and to be within two hours' drive of their respective regions;

  b. A requirement to answer all calls during their on-call time and to be at a trouble site within two hours if required;

  c. Travel time only from the Field Technician's home to a trouble site regardless of where travel began at the time the Field Technician was called out to the trouble site; and

  d. Compensation only when a call exceeds 15 minutes or a combination of calls exceeds that limit.

5.   Plaintiffs worked as Field Technicians located throughout the United States. Named Plaintiff Johnson worked as a Field Technician in Florida.

6.   This lawsuit is brought as a collective action under the FLSA to recover overtime and unpaid wages owed to Plaintiffs and all other similarly situated workers employed at Defendant's vaccination sites. Specifically, Plaintiffs seek to have certified a nationwide collective action comprised of the following:

> **All current and former Field Technicians who worked for Defendant any time during the last three (3) years, within the United States, who were not paid overtime for all hours worked in excess of forty in a given week.**

7. The FLSA regulations governing travel time are applicable to Plaintiff and those he seeks to represent.

8. Plaintiffs and similarly situated employees were engaged to wait and handle calls and then, later, required to travel at the direction of Defendants to multiple locations.

9. It is Defendant's policy and practice not to pay Plaintiffs, and all other similarly situated Plaintiffs for their work time and, consequently, Plaintiffs, and all other similarly situated Plaintiffs are consistently working "off the clock" and without pay.

10. Accordingly, Plaintiffs and all similarly situated employees are entitled to compensation for the time they spend engaged to wait, handling calls, regardless of the time of each call, travelling to and from the multiple locations as directed by Defendants.

## JURISDICTION AND VENUE

11. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## PARTIES

13. Defendant is a Delaware corporation with its principal place of business in Colorado.

14. Defendant does business in the State of Florida, including in this District.

15. Plaintiff Thomas Johnson is a resident of Palm Beach County, Florida, and is a current employee of Defendant. Plaintiff works for Defendant in this District.

## GENERAL ALLEGATIONS

16. Defendant operates a telecommunications company in numerous states across the country, including, but not limited to Florida.

17. The principal job duty of Defendant's Field Technicians, like Johnson and the Putative Class members, is to operate in the field on Defendant's equipment.

18. Defendants paid Johnson and the Putative Class members on an hourly basis and classifies them as "non-exempt" under the FLSA.

19. Johnson worked as a Field Technician for Defendant from approximately August 2007 to present.

20. Johnson's typical regular schedule was to work forty hours per week plus be on call for weeks in which case he worked twenty-four hours per day, seven days per week. Johnson and the putative class members worked on average about

40 hours of overtime per week for which they were routinely not compensated for "off the clock" work.

21. However, Plaintiff's time commitment to Defendant was actually 24/7. When Plaintiff was on call, he worked 24 hours a day, and seven days per week.

22. As stated above, Plaintiffs are not allowed to accurately record all of the time for which they were to be compensated. According to Defendant's policy, the Field Technician Plaintiffs, like Johnson and the putative class defined herein, must take all calls for weeks when they are on call and travel to designated location sites for services.

23. For example, Defendant previously paid the Field Technicians a flat rate per day to be on call. However, now Defendant does not pay the on call Field Technicians, like Plaintiff Johnson, for his time being on call even though it restricts the Field Technicians use of the their personal time by requiring them to be within two hours driving distance. Plaintiffs are also not compensated for all of the time travelling if they are away from their homes and it takes longer than the distance as measured from their home to the trouble site.

24. Defendant also only pays the on call Field Technicians if the calls they receive take longer than fifteen minutes. Such time is not de minimis because even if Plaintiffs' calls only took fifteen minutes each week they were on call, Defendants would reap the benefits of three (3) hours of unpaid labor per year, per Field

Technician, on a nationwide basis, for work it reasonably anticipates by requiring them to be on call. Such a result is a windfall for Defendant.

25. In accordance with Defendant's policy, "Call-out hours do not count toward the overtime calculation, and are not subject to additional premium payments."

26. Defendant's policies emanate from its corporate office and are disbursed nationwide by its managers.

27. Defendant classified Plaintiff, and the putative class defined herein, as non-exempt and otherwise eligible for overtime pay.

28. Plaintiffs' time was submitted via Defendant's system.

29. Because Defendant's policy is to record only the time when Plaintiffs work exceeds fifteen minutes when they are on call, they do not pay the Plaintiffs for all the compensable hours.

30. Defendants could easily and accurately record the actual time Plaintiffs are engaged to wait, for example, by paying them for their entire on call time. Upon information and belief, Defendants adhere to the same policy and practice with respect to Field Technicians nationwide.

31. Defendant's policy and practice fails to pay overtime compensation and willfully fails to keep accurate time records. Defendants enjoyed ill-gained profits at the expense of its hourly employees.

32. In exchange for Plaintiff's services, Defendants agreed to pay Plaintiff a set wage.

6

33. Defendants failed to pay Plaintiff all wages owed to Plaintiff, including wages earned when they were not paid for compensable time spent working, including but not limited to, calls that did not exceed fifteen minutes.

34. Plaintiff's unpaid constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

35. All Defendant's failure to pay Plaintiffs all of Plaintiffs' wages, including their hourly rate for all hours worked, was willful.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring the FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) defined as follows:

> **All current and former Field Technicians who worked for Defendant any time during the last three (3) years within the United States at a designated vaccination site.**

37. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

38. Plaintiff, individually and on behalf of all other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

## RULE 23 CLASS ACTION ALLEGATIONS

39. Plaintiffs assert their Rule 23 class claim on behalf of the putative Classes defined as follow:

**All persons employed by Defendant and denied compensation for work performed within four years of the filing of this complaint through the date of final judgment in this action.**

40. Plaintiffs are and have been members of the Putative Unpaid Wages Class ("Putative Rule 23 Class") described herein.

41. The number of persons in the Putative Rule 23 Classes herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiffs at this time and can only be obtained through appropriate discovery, Plaintiffs are informed and believe, and on that basis allege, that the Rule 23 Classes herein include over 100 persons.

42. Disposition of Plaintiffs' claims in a class action will benefit all parties and the Court.

43. There is a well-defined community of interest presented by the Putative Rule 23 Classes herein that, among other things, each member of the Putative Rule 23 Classes have an interest in collecting unpaid wages, obtaining other appropriate legal relief for the harm of which Plaintiffs complain, and obtaining other adequate compensation for the common damage which Plaintiffs

and all other persons similarly situated have suffered as result of Defendant's actions.

44. A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

45. The prosecution of separate actions by individual members of the Putative Rule 23 Classes herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Rule 23 Classes which would or may establish incompatible standards of conduct for Defendants and which would also create a risk of adjudications with respect to individual members of the Putative Rule 23 Classes herein which would, as a practical matter, be dispositive of the interests of other members of the Putative Rule 23 Classes not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those members to protect their interests.

## COUNT I – FLSA OVERTIME VIOLATION

46. Plaintiffs re-assert and re-allege the allegations of paragraphs 1 through 37 above.

47. Plaintiffs bring this case as a collective action pursuant to 29 U.S.C. §216(b) to recover unpaid overtime compensation, liquidated damages, injunctive relief, attorneys' fees and costs, and other damages owed.

48. This action is properly maintained as a collective action because the Plaintiffs and are similarly situated with respect to job title, job description,

training requirements, job duties, compensation plan, Defendant's failure to pay for all compensable hours worked, Defendant's failure to pay overtime hours, and the wage and hour violations alleged in this Complaint, among other similarities.

49. Defendant violated the FLSA by failing to pay for all overtime hours worked. In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by their employees.

50. Section 13 of the FLSA, codified at 29 U.S.C. § 13, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemption apply to Plaintiffs or employees.

51. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

52. Defendants acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

53. Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

54. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and all employees similarly situated who join in this action demand:

 a. Issuance of notice as soon as possible to all similarly-situated employees employed by Defendant during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime compensation for all hours worked over forty in any week during the statutory period;

 b. Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

11

c.  Judgment against Defendant that their violation of the FLSA was willful;

d.  An equal amount to the overtime damages as liquidated damages;

e.  To the extent liquidated damages are not awarded, an award of prejudgment interest;

f.  All costs and attorney's fees incurred in prosecuting these claims;

g.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

i.  For such further relief as the Court deems just and equitable.

### COUNT II – UNPAID WAGES UNDER FLORIDA COMMON CLASS ACTION CLAIM
***(All Plaintiffs Against All Defendants)***

55. This claim is brought by all Plaintiffs on behalf of all similarly-situated employees who were not compensated for their work, and as a result were denied all of their wages.

56. Plaintiffs reallege and readopt the allegations in paragraphs 1-34 and 38-44 above of this Complaint, as though fully set forth therein.

57. During the statutory period, Plaintiffs worked for Defendant, and Defendant agreed to Pay Plaintiffs for Plaintiff's Services.

58. All Defendants failed to pay Plaintiffs all "wages" owed to Plaintiffs, including Plaintiffs' amounts owed.

59. As a result of the foregoing, Plaintiffs have suffered damages.

**WHEREFORE,** Plaintiffs demand:

a. A jury trial on all issues so triable.

b. That process issue, and that this Court take jurisdiction over the case; Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages.

c. All costs and attorneys' fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08

d. For such further relief as this Court deems just.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby request a trial by jury on all issues so triable.

Dated this 12th day of July, 2022.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: aheystek@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**